## SMITH *v.* SMITH.

*(Supreme Court, General Term, Second Department.* February 10, 1890.)

MORTGAGES—CONDITIONAL SATISFACTION—REVOCATION.

The acceptance of the satisfaction of a mortgage, executed by the mortgagee without consideration, but on condition that she should be paid the interest on the mortgage during her life, amounts to a stipulation by the mortgagor to perform the condition on which the gift was made; and the mortgagee, on the mortgagor's failure to pay the interest, may revoke the gift, and have the satisfaction set aside.

Appeal from special term, Suffolk county.

Action by Ruth H. Smith against Caroline A. Smith to have the satisfaction of a mortgage set aside, and her mortgage lien restored. Plaintiff and defendant are sisters, aged 66 and 70, respectively. Plaintiff averred that defendant, fraudulently taking advantage of her ignorance of business matters, induced her to execute the satisfaction of the mortgage without paying her therefor. On the trial, it appeared from defendant's own evidence that, at the time of the execution of the satisfaction, plaintiff said she expected to be paid the interest on the mortgage during her life, but that after her death the principal should go to defendant. It was also shown that defendant, after the satisfaction was executed, paid six months' interest on the mortgage, but has paid no more since. The trial court held that the transaction was a conditional gift, and that, as the condition had not been complied with by defendant, the parties should be restored to their original position. From a judgment that the satisfaction be set aside, and plaintiff's mortgage lien restored, defendant appeals. For former litigation between the same parties, see 1 N. Y. Supp. 393.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Harry G. Clock,* (*Edward R. Ackerly,* of counsel,) for appellant. *Thos. J. Ritch, Jr.,* for respondent.

DYKMAN, J. Neither law nor equity will justify any disturbance of the judgment in this action. The plaintiff intended to make a contingent gift of the bond and mortgage to the defendant, but the condition annexed to the present was of vital importance to the plaintiff, and the defendant accepted the donation burdened with the proviso. Such acceptance amounted to a stipulation on the part of the defendant for the performance of the condition subsequent upon which the donation was made, and, having violated her agreement to pay interest upon the amount of the mortgage, the plaintiff was at liberty to revoke the gift, and have the bond and mortgage reinstated upon the record, and restored to her possession, in full force and vitality. The judgment should be affirmed, with costs.